UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MIKE VINTON CAMPBELL,

        Petitioner,

-against-

**ORDER**
05-CV-2761 (JG)

UNITED STATES OF AMERICA,[1]

        Respondent.
----------------------------------------------------------x

GLEESON, United States District Judge.

On May 27, 2005, petitioner proceeding *pro se,* filed the instant petition on the preprinted form for a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody.[2] Petitioner seeks to challenge his confinement arising from a 2003 conviction in the New York State Supreme Court, New York County.[3] Petition at 2. Specifically, petitioner alleges that his attorney failed to inform him of the deportation consequences of a guilty plea. Petition at 4. Accordingly, the proper basis for the instant application is 28 U.S.C. § 2254, not 28 U.S.C. § 2255.[4]

---

[1] The proper respondent in a habeas corpus action is petitioner's present custodian.

[2] Under this Court's Administrative Order 2001-06, *pro se* petitions for writs of habeas corpus may be filed without prepayment of fees or a request to waive *in forma pauperis* status. No *in forma pauperis* request or fee was received from petitioner in this case.

[3] Petitioner has a pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 before this Court. See Campbell v. Attorney General et al., 05-CV-1511 (JG).

[4] The Second Circuit has stated that district courts should not recharacterize a mislabeled motion unless the petitioner receives notice and an opportunity to withdraw or amend the mislabeled petition to avoid the consequences prohibiting a second or successive petition. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). However, since this petition is being transferred, any notice regarding further proceedings shall be left to the transferee Court.

1

Since petitioner was convicted in New York County, which is located in the Southern District of New York, this case is hereby transferred to the United States District Court for the Southern District of New York pursuant to Local Rule 83.3 of this Court.

The Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of New York. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five day delay is waived.

SO ORDERED.

                                            s/John Gleeson
                                            JOHN GLEESON
                                            United States District Judge

Dated: Brooklyn, New York
         June 15, 2005